UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMAAL HUSBAND,

    Petitioner,

    v.                                     CAUSE NO.: 3:17-CV-374-PPS-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jamaal Husband, a prisoner without a lawyer, seeks habeas corpus relief from the finding of guilt in a prison disciplinary hearing held at the Westville Correctional Facility. In particular, a disciplinary hearing officer found Husband guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction policy B-220. ECF 2 at 1. As a result, he was docked 60 days of earned credit time and was demoted from Credit Class 1 to Credit Class 2 which means he will accrue good time credits at a slower rate going forward. *Id.*

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relies on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the

record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his petition, Husband argues there are two grounds which entitle him to relief: (1) the evidence was insufficient to support the guilty finding; and (2) he was denied a witness statement. ECF 2 at 2. In his traverse, Husband has abandoned the second ground so nothing more needs to be said about that. ECF 15-1 at 2. So the only issue is whether the hearing officer had sufficient evidence to find him guilty.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). As one might well imagine, this is an exceedingly low standard. Here's how the Seventh Circuit has characterized the issue:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Given this standard, my review is a light one. The Seventh Circuit tells me that "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the

2

evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Thus, if there is "some" evidence – even a meager amount – supporting the finding of guilt, my inquiry ends. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, Husband was found guilty of violating IDOC offense B-220, which prohibits inmates from "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

On June 22, 2016, Investigator Kenneva Mapps prepared a Conduct Report stating:

> This Office received a complaint from the Indiana State Police.
>
> On 5/5/2016, this Investigator discovered that Offender Jamaal Husband 136190 was engaging in unauthorized financial transactions with a person who was not an offender residing at the same facility, with the help of a civilian.
>
> For additional information refer to Report of Investigation.

ECF 8-1 at 1. Here's what the Report of Investigation states:

> Offender Jamaal Husband's 136190, friend Victoria Holloway collected the following money on Offender Husband's behalf:
>
> 2/11/16     $200.00     Western Union
>
> Victoria Holloway is on Offender Husband's visiting list, phone list and J Pay account.

ECF 8-1 at 2.

It is true that these reports are summary in nature. This is likely because the conduct report and investigation report were the product of an extensive Internal Affairs' investigation of Husband's activities as well as those of several other offenders. ECF 10. I have reviewed the confidential Internal Affairs investigation file and find the evidence contained in it to be even more evidence that Husband engaged in an unauthorized financial transaction with Holloway. *Id.* at 3-5, 31, 36, 83. Because it is under seal, I will not specifically discuss its contents, but will confirm that it substantiates the conduct report, the investigation report and the hearing officer's finding of guilt.

In any event, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. That is the case here without even considering the confidential investigation report. The conduct report and accompanying investigation report set out that Husband engaged in an unauthorized financial transaction by having Victoria Holloway collect $200 on his behalf via Western Union on February 11, 2016. I recognize that these reports do not set out all the facts underlying the offense. However, they do not have to. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) (noting that

4

"prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . ..")). In sum, there was "some evidence" that Husband was guilty of engaging in an unauthorized financial transaction.

Accordingly, Jamaal Husband's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on November 15, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT